UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TYLER TECHNOLOGIES, INC.,

    Plaintiff,

v.                                     CASE NO. 3:22-cv-1368-HLA-JBT

CITY OF JACKSONVILLE, FLORIDA,

    Defendant.
_____/

**DEFENDANT CITY OF JACKSONVILLE'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES**

Pursuant to Rule 12, Federal Rules of Civil Procedure, Defendant, City of Jacksonville, moves to dismiss Plaintiff, Tyler Technologies, Inc.'s Complaint [Docket No. 1], moves to strike Plaintiff's request for attorney's fees, and states in support:

1. On December 13, 2022, Plaintiff, Tyler Technologies, Inc., instituted the above-styled action against the City of Jacksonville alleging three counts for breach of contract, unjust enrichment, and declaratory relief. See Docket No. 1, Complaint.

2. Within each of the three counts, Plaintiff "re-alleges and incorporates the allegations in all previous paragraphs as if expressly set forth herein." See Complaint at 8-10, ¶¶ 18, 23 & 26.

3. Plaintiff failed to include a demand for relief in each of the three counts, but instead separately pled a "Prayer for Relief" at the end of the Complaint requesting, inter alia, "necessary and reasonable attorneys' fees and costs of court through trial and appeal of the action." See id. at 11.

4. Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the City moves to dismiss Plaintiff's Complaint on the grounds that the Complaint is a shotgun pleading and fails to comply with Rules 8 and 10, Federal Rules of Civil Procedure.

5. The City also moves to dismiss with prejudice Count II of Plaintiff's Complaint alleging a claim for unjust enrichment as any such cause of action is barred by the doctrine of sovereign immunity.

6. Additionally, pursuant to Rule 12(f), Federal Rules of Civil Procedure, the City moves to strike allegations claiming entitlement to attorney's fees.

## **MEMORANDUM OF LAW**

Fed. R. Civ. P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 10(b) requires that the allegations of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances ... [and][e]ach claim found upon a separate

transaction or occurrence ... shall be stated in a separate count." Beckwith v. Bellsouth Telecommunications Inc., 146 F. App'x 368, 371 (11th Cir. 2005).

To survive a motion to dismiss, a complaint must allege enough well-pled facts, accepted as true and construed in favor of the plaintiff, to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  For a claim to be facially plausible, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant, and instead must offer sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Allegations that are no more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" are not well-pled facts that must be accepted as true and will not be sufficient to withstand a motion to dismiss. Id. at 678.

**A.  PLAINTIFF'S COMPLAINT IS A SHOTGUN PLEADING AND FAILS TO COMPLY WITH FEDERAL RULES OF CIVIL PROCEDURE 8 AND 10.**

A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015).  As a result, "most of the counts . . . contain irrelevant

factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable" because they "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997).

Here, Counts II and III of Plaintiff's Complaint each incorporate by reference all of the previous allegations contained in the Complaint constituting a shotgun pleading.  In addition, Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 8 and 10 as several of the numbered paragraphs (comprised of between four to six sentences) are not confined to a single set of circumstances.  See e.g. Complaint at 4-7, ¶¶ 9-11 & 14.  Further, Plaintiff does not make a separate demand for relief under each count pled even though the relief available is not the same for each cause of action.  See Ever Better Eating, Inc. v. Jama's Express LLC, M.D. Fla. Case No. 8:21-cv-1798-CEH-CPT, 2022 WL 17782391, at *3 (M.D. Fla. Dec. 19, 2022) (holding that a shotgun complaint "commits the sin of not separating into a different count each cause of action or claim for relief").

## B.  SOVEREIGN IMMUNITY BARS A CLAIM FOR UNJUST ENRICHMENT.

Under Florida law, equitable causes of action such as unjust enrichment are barred under the doctrine of sovereign immunity.  As held in Brevard Cty. v. Morehead, 181 So. 3d 1229, 1232 (5th DCA 2015):

> Sovereign immunity "protects the state from burdensome interference from the performance of its governmental functions and preserves its control over state funds, property and instrumentalities." Davis v. State, Dep't of Corr., 460 So.2d 452, 461 (Fla. 1st DCA 1984) (citation omitted).  "In Florida, sovereign immunity is the rule, rather than the exception...." Pan–Am Tobacco Corp. v. Dep't of Corr., 471 So.2d 4, 5 (Fla.1984). "Although the Legislature has explicitly waived sovereign immunity in tort for personal injury, wrongful death, and loss or injury of property, it has not done so for contract claims." City of Orlando v. W. Orange Country Club, Inc., 9 So.3d 1268, 1272 (Fla. 5th DCA 2009) (footnote omitted). "Moreover, waiver will not be found as a product of inference or implication." Am. Home Assurance, Co. v. Nat'l R.R. Passenger Corp., 908 So.2d 459, 472 (Fla.2005) (citing Spangler v. Fla. State Tpk. Auth., 106 So.2d 421, 424 (Fla.1958)). "The aforementioned cases demonstrate that a municipality waives the protections of sovereign immunity only when it enters into an express contract. When an alleged contract is merely implied, however, these sovereign immunity protections remain in force." City of Fort Lauderdale v. Israel, 178 So.3d 444 (Fla. 4th DCA 2015).

Although Plaintiff alleges that it entered into a written agreement with the City, the City has not waived sovereign immunity as to quasi-contractual claims such as unjust enrichment.  Veolia Water N. Am. - S., LLC v. City of Everglades City, M.D. Fla. Case No. 2-18-CV-785-FtM-99UAM, 2019 WL

5

1921900, at *4 (M.D. Fla. Apr. 30, 2019).  Accordingly, Count II of Plaintiff's Complaint is due to be dismissed with prejudice.

### C.    PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES.

In its Prayer for Relief, Plaintiff requests an award of attorneys' fees but fails to allege any basis for entitlement to same.  "Under Florida law, a party is not entitled to attorney's fees unless a specific statutory or contractual provision so provides."  Ever Better Eating, Inc., 2022 WL 17782391, at *9 (citing Int'l Fidelity Ins. Co. v. Americaribe-Moriarty JV, 906 F.3d 1329, 1335 (11th Cir. 2018).  In fact, Plaintiff cannot allege a basis for recovery of attorney's fees in this lawsuit because one does not exist.  There is no contractual provision or statute allowing for recovery of same.  Accordingly, the City respectfully requests that the Court enter an Order striking Plaintiff's demand for attorney's fees and precluding Plaintiff from including same in any future amended pleadings.

**WHEREFORE**, Defendant, City of Jacksonville, requests entry of an Order granting this Motion to Dismiss Plaintiff's Complaint and Motion to Strike Request for Attorney's Fees.

## LOCAL RULE 3.01(G) CERTIFICATION

Counsel for the City of Jacksonville conferred with Plaintiff's counsel regarding the relief requested in this Motion via teleconference on January 19, 2022 and Plaintiff opposes the Motion.

DATED: JANUARY 19, 2023         OFFICE OF GENERAL COUNSEL
                                CITY OF JACKSONVILLE

*/s/ Tiffiny Douglas Pinkstaff*
Christopher M. Garrett
Chief, General Litigation
Florida Bar No. 798541
Tiffiny Douglas Pinkstaff
Assistant General Counsel
Florida Bar No. 682101
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone   904.255.5100
Email       garrettc@coj.net
            aseegobin@coj.net
            tpinkstaff@coj.net
            bosburn@coj.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of January, 2023, a true and correct copy of the foregoing was filed with the Clerk of Court for uploading to the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Tiffiny Douglas Pinkstaff*
Attorney

7