UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TYLER TECHNOLOGIES, INC.,

      Plaintiff,

v.                                          CASE NO. 3:22-cv-1368-HLA-JBT

CITY OF JACKSONVILLE, FLORIDA,

      Defendant.

_____/

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, City of Jacksonville, answers Plaintiff, Tyler Technologies, Inc.'s Amended Complaint [Docket No. 12] and alleges:

**I. INTRODUCTION**

1. Admitted that this case involves a contract between the City of Jacksonville ("City") and Tyler Technologies, Inc. ("Tyler") which is attached hereto as Exhibit A to the City's Counterclaim ("Contract"); otherwise denied.

**II. PARTIES**

2. Without knowledge.

3. Admitted that the City is municipal corporation and body politic and a political subdivision in the nature of a consolidated city and county of the State of Florida located in Jacksonville, Duval County, Florida; otherwise denied.

### III. JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

### IV. FACTUAL BACKGROUND

6. Admitted that Tyler and the City entered into the Contract attached hereto whereby Tyler contracted to license certain software and provide certain services to the City in order to implement its System.

7. Admitted that the term of the Contract commenced on June 30, 2020 and was to continue and remain in full force and effect for seventy-nine months thereafter, unless sooner terminated as provided under the Contract; admitted that the License and Services Agreement (attached to the Contract as Appendix 1) contains a termination for cause provision; denied as to remainder.

8. Admitted that the License and Services Agreement (attached to the Contract as Appendix 1) contains a dispute resolution provision; denied as to remainder.

9. Admitted that Tyler began implementation of its System in 2020 and that immediately thereafter, the City began informing Tyler of numerous issues with the System; denied as to remainder.

10. Admitted that in 2022 Tyler and the City engaged in settlement discussions regarding termination of the Contract; denied as to remainder.

11. Admitted that Tyler sent a letter to the City on August 22, 2022; otherwise denied.

12. Admitted that the City sent two letters to Tyler on September 7, 2022, one of which was a Notice of Termination for Cause; otherwise denied.

13. Admitted that Tyler sent a letter to the City on September 14, 2022; otherwise denied.

14. Admitted that the City emailed an "Itemized List of Issues to be Solved" on September 29, 2022 and that Tyler sent a letter to the City on October 11, 2022; otherwise denied.

15. Admitted that the City sent a letter to Tyler on October 17, 2022 and that Tyler sent the City a letter on October 21, 2022; otherwise denied.

16. Admitted that the City emailed Tyler on November 1, 2022 and that Tyler sent a letter attaching a draft complaint to the City on November 30, 2022; otherwise denied.

17. Denied.

## V. **CAUSES OF ACTION**

### **COUNT I. – BREACH OF CONTRACT**

18. The City re-alleges paragraphs 2-17 as if fully set forth herein.

19. Admitted that Tyler and the City entered into the Contract attached hereto which is valid, binding and enforceable; otherwise denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT II. – DECLARATORY RELIEF

23. The City re-alleges paragraphs 2-17 as if fully set forth herein.

24. Denied.

## VI. JURY DEMAND

28. No response is required.

## VII. PRAYER FOR RELIEF

No response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### PRIOR MATERIAL BREACH

Tyler's claims are barred and/or due to be reduced as a result of Tyler's prior material breaches of its agreement with the City as alleged in the Counterclaim infra.

### SECOND AFFIRMATIVE DEFENSE
### FAILURE TO MITIGATE

Tyler's claims for breach of contract are barred as a result of Tyler's failure to mitigate its damages.

4

**THIRD AFFIRMATIVE DEFENSE**
**SOVEREIGN IMMUNITY**

Tyler's claims are barred under the doctrine of sovereign immunity to the extent that they are based on alleged unwritten contracts or other purported modifications to the License and Service Agreement at issue.

**FOURTH AFFIRMATIVE DEFENSE**
**CONDITIONS PRECEDENT**

Tyler has failed to plead occurrence or performance of conditions precedent and is unable to do so because Tyler failed to meet the milestones required for payment of the claimed licensing fees or the claimed maintenance fees and has failed to properly invoice the City for same.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff, City of Jacksonville, hereby sues Plaintiff/Counterclaim Defendant, Tyler Technologies, Inc., and alleges:

1. This is an action for breach of contract to recover damages that exceed $75,000.00, exclusive of interest and costs.

2. The City is a municipal corporation and body politic operating in and for Duval County, Florida and is a political subdivision of the State of Florida. The Jacksonville Sheriff's Office ("JSO") is a department of the City.

3. Tyler is a Delaware corporation registered to conduct business in the State of Florida.

4. On June 30, 2020, the parties entered into a Contract for Automated Law Electronic Document Records Management System (as later amended), which is attached hereto as **EXHIBIT A ("CONTRACT")**.

5. Pursuant to the Contract, Tyler was to deliver a consolidated records management solution configured to JSO's requirements—utilizing three of Tyler's proprietary systems: a record management system known as "New World;" a civil process system known as "Softcode;" and a ticketing and citation system known as "Brazos"—in order to facilitate comprehensive data and information sharing agency-wide ("Enterprise Solution").

6. The parties agreed that the Enterprise Solution was to replace JSO's records management system, case management system, property management system, civil process system, traffic and ticketing system, and various SharePoint lists. In addition, the Enterprise Solution was to interface with various internally developed systems as well as third-party systems utilized by JSO.

7. Prior to execution of the Contract, from approximately January 2019 through July 2019, Tyler and JSO engaged in discovery and demonstration meetings during which Tyler was familiarized with JSO's workflow and legacy systems. In addition, Tyler and JSO exchanged numerous written questions and answers addressing Tyler's technical inquiries.

8. In order to induce the City to enter into the Contract, Tyler promised a seamless product and represented that its Enterprise Solution was compliant with all applicable federal, state and local laws, as well as rules and regulations, including applicable FBI Criminal Justice Information Services ("CJIS") security requirements and Florida Department of Law Enforcement ("FDLE") reporting requirements.

9. The Contract contemplated Tyler's installation of its Enterprise Solution, i.e. New World, Softcode, and Brazos software, on JSO servers at the beginning of the project with a "Go Live" date of January 31, 2022.

10. Pursuant to the Contract, Tyler's software license fees were to be paid in three installments as follows:

> Tyler Software license fees, as set forth in the Investment Summary, in the fixed amount of $1,779,765, will be invoiced in accordance with the following milestones as identified in Exhibit J; Statement of Work:
>
> - 25% on completion date of Step 1C: Conduct Project Start-Up Call
> - 50% upon completion of Step 4B: Install Licensed Software and Complete System Setup
> - 25% upon completion of Step 7A: Perform End User Training.

11. In accordance with the Contract, on August 31, 2020, JSO paid $444,941.25, which equated to 25% of the licensing fees.

12. In or about November 2020, Tyler installed New World on JSO's servers.

13. JSO was unable to begin workflow testing because Tyler had failed to install the mobile application component of New World which was required to receive information from police officers in the field.

14. In or about June 2021, Tyler installed New World's mobile application, and JSO began workflow testing revealing the following material issues with Tyler's Enterprise Solution, including <u>inter</u> <u>alia</u>:

- Non-compliance with Marsy's Law
- Non-compliance with CJIS and FDLE mandates
- Failure to interface with existing JSO systems
- Failure to provide for report routing and case assignments
- Failure to provide an adequate report supplementation process

15. From December 2020 through December 2021, the parties met on numerous occasions and discussed the identified issues with Tyler's Enterprise Solution at length, and the City reimbursed Tyler approximately $30,000 for all travel costs incurred by Tyler for its site visits at JSO.

16. When it became apparent that Tyler could not deliver a functional Enterprise Solution by the original Go Live date of January 31, 2022, the parties agreed to extend the Go Live date to July of 2022; however, Tyler never

resolved the issues identified by JSO nor presented workable solutions and failed to deliver its product by the agreed-upon extended date.

17. On September 7, 2022, the City sent a notice of termination for cause, and then upon Tyler's request, sent an itemized list of issues to be addressed by Tyler on September 29, 2022.

18. Tyler failed to cure the identified material breaches and failed to present an action plan to address same.

19. Accordingly, on October 17, 2022, the City terminated the Agreement.

20. All conditions precedent have occurred or been performed.

## COUNT I
## BREACH OF CONTRACT

21. The City re-alleges paragraphs 1 through 20 above as if fully set forth herein.

22. Pursuant to the Contract, Tyler warranted and obligated itself to deliver a consolidated records management solution configured to JSO's requirements and compliant with all applicable laws, including but not limited to CJIS and FDLE requirements.

23. Tyler breached the Contract by failing to provide its Enterprise Solution to JSO on or before the agreed-upon Go Live date.

24. Tyler breached the Contract by accepting and retaining payment of licensing fees for software not installed.

25. Tyler breached the Contract by accepting and retaining payment of licensing fees for software that does not function as contemplated under the Contract.

26. As a result of Tyler's material breaches, the City terminated the Contract for cause.

27. As a direct and proximate result of Tyler's material breaches of the Contract, the City has suffered damages.

**WHEREFORE**, Defendant/Counterclaim Plaintiff, City of Jacksonville, hereby demands judgment against Plaintiff/Counterclaim Defendant, Tyler Technologies, Inc., for damages together with interest, costs and such other relief as the Court deems just and appropriate.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF FITNESS

28. The City re-alleges paragraphs 1 through 20 above as if fully set forth herein.

29. At the time that Tyler entered into the Contract with the City, Tyler had reason to know of the particular purposes for which the Enterprise Solution was to be used by JSO.

30. The City relied upon Tyler's skill and judgment to select the Enterprise Solution as a consolidated records management solution configured for JSO.

31. Tyler breached its implied warranty of fitness to the City by delivering an incomplete and inoperable system that could not be used for the purposes JSO required.

32. The City has suffered damages because Tyler failed to deliver the Enterprise Solution as contemplated by the Contract.

33. As a direct and proximate result of Tyler's breach of the implied warranty of fitness, the City expended significant sums of money for a product that does not work and has suffered damages as a result.

**WHEREFORE**, Defendant/Counterclaim Plaintiff, City of Jacksonville, hereby demands judgment against Plaintiff/Counterclaim Defendant, Tyler Technologies, Inc., for damages together with interest, costs and such other relief as the Court deems just and appropriate.

### COUNT III
### BREACH OF EXPRESS WARRANTY

34. The City re-alleges paragraphs 1 through 20 above as if fully set forth herein.

35. Pursuant to the Contract, Tyler expressly warranted that the Enterprise Solution would be without defect and that Tyler would perform the

services contemplated in the Contract in a professional, workmanlike manner, consistent with industry standards.

36. The City relied upon the express warranties and representations made by Tyler.

37. Tyler breached its express warranties by failing to deliver to the City the Enterprise Solution as contemplated by the Contract.

38. As a direct and proximate cause of Tyler's breach of express warranties, the City expended significant sums of money for a product that does not work and has suffered damages as a result.

**WHEREFORE**, Defendant/Counterclaim Plaintiff, City of Jacksonville, hereby demands judgment against Plaintiff/Counterclaim Defendant, Tyler Technologies, Inc., for damages together with interest, costs and such other relief as the Court deems just and appropriate.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

39. The City re-alleges paragraphs 1 through 20 above as if fully set forth herein.

40. Prior to the parties' execution of the Contract, Tyler represented to the City that its software used to deliver the Enterprise Solution to the City was compliant with all applicable federal, state and local laws, as well as rules and regulations, including FBI Criminal Justice Information Services ("CJIS")

and Florida Department of Law Enforcement ("FDLE") mandates which apply to JSO's daily operations.

41. Tyler knew or should have known that this material representation was false when made but made such representation with the intent that the City would rely upon same.

42. The City justifiably relied upon Tyler's representation to its detriment and would not have entered into the Contract but for this representation.

43. As a direct and proximate result of Tyler's conduct, the City has been damaged.

**WHEREFORE**, Defendant/Counterclaim Plaintiff, City of Jacksonville, hereby demands judgment against Plaintiff/Counterclaim Defendant, Tyler Technologies, Inc., for damages together with interest, costs and such other relief as the Court deems just and appropriate.

## COUNT V
## UNJUST ENRICHMENT

44. The City re-alleges paragraphs 1 through 20 above as if fully set forth herein.

45. A benefit has been conferred on Tyler, which knowingly and voluntarily received, accepted and retained monies paid by the City for a defective product that the City cannot use.

46. As a direct and proximate result of Tyler's conduct, Tyler has been unjustly enriched to the detriment of the City.

47. It would be inequitable for Tyler to retain the value of the unjust enrichment.

**WHEREFORE**, Defendant/Counterclaim Plaintiff, City of Jacksonville, hereby demands judgment against Plaintiff/Counterclaim Defendant, Tyler Technologies, Inc., for damages together with interest, costs and such other relief as the Court deems just and appropriate.

| | |
|---|---|
| **DATED: FEBRUARY 22, 2023** | **OFFICE OF GENERAL COUNSEL**<br>**CITY OF JACKSONVILLE**<br><br>*/s/ Tiffiny Douglas Pinkstaff*<br>Christopher M. Garrett<br>Chief, General Litigation<br>Florida Bar No. 798541<br>Tiffiny Douglas Pinkstaff, Lead Counsel<br>Assistant General Counsel<br>Florida Bar No. 682101<br>117 West Duval Street, Suite 480<br>Jacksonville, Florida 32202<br>Telephone   904.255.5100<br>Email       garrettc@coj.net<br>                tpinkstaff@coj.net<br>                aseegobin@coj.net<br>                cregister@coj.net |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of February, 2023, a true and correct copy of the foregoing was filed with the Clerk of Court for uploading to the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Tiffiny Douglas Pinkstaff*
Attorney
