UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TYLER TECHNOLOGIES, INC.,

        Plaintiff,

        Case No.: 3:22-cv-01368-HLA-JBT

vs.

CITY OF JACKSONVILLE, FLORIDA,

        Defendant.

## TYLER TECHNOLOGIES, INC.'S ANSWER TO COUNTERCLAIM

Plaintiff Tyler Technologies, Inc. ("Tyler") files this Answer and Affirmative Defenses to Defendant City of Jacksonville, Florida's ("Jacksonville") Counterclaim filed on February 22, 2023 (the "Counterclaim;" [DE 19]).

Each and every allegation of the Counterclaim not hereinafter specifically admitted is denied.

1. In response to Paragraph 1 of the Counterclaim, Tyler admits that the Counterclaim purports to assert a claim for breach of contract to recover damages that exceed $75,000, exclusive of interest and costs, but denies that any such liability exists.

2. Tyler admits the allegations in Paragraph 2 of the Counterclaim.

3. Tyler admits the allegations in Paragraph 3 of the Counterclaim.

1

4.      In response to Paragraph 4 of the Counterclaim, Tyler admits that the parties entered into the Agreement attached to the Counterclaim as Exhibit A and states that the Agreement speaks for itself regarding what the parties agreed. Tyler denies any allegations in Paragraph 4 of the Counterclaim that are inconsistent with the Agreement as written.

5.      In response to Paragraph 5 of the Counterclaim, Tyler states that the Agreement speaks for itself regarding what the parties agreed. Tyler denies any allegations in Paragraph 5 of the Counterclaim that are inconsistent with the Agreement as written.

6.      In response to Paragraph 6 of the Counterclaim, Tyler states that the Agreement speaks for itself regarding what the parties agreed. Tyler denies any allegations in Paragraph 6 of the Counterclaim that are inconsistent with the Agreement as written.

7.      In response to Paragraph 7 of the Counterclaim, Tyler admits that from approximately January 2019 to July 2019, Tyler and Jacksonville engaged in numerous meetings and that Tyler and Jacksonville exchanged numerous written questions and answers before finalizing the contract, which written questions and answers speak for themselves. Tyler otherwise denies the allegations in Paragraph 7 of the Counterclaim.

8.      Tyler denies the allegations in Paragraph 8 of the Counterclaim.

9. In response to Paragraph 9 of the Counterclaim, Tyler states that the Agreement speaks for itself regarding what the parties agreed. Tyler denies any allegations in Paragraph 9 of the Counterclaim that are inconsistent with the Agreement as written.

10. In response to Paragraph 10 of the Counterclaim, Tyler states that the Agreement speaks for itself regarding what the parties agreed. Tyler denies any allegations in Paragraph 10 of the Counterclaim that are inconsistent with the Agreement as written.

11. Tyler admits the allegations in Paragraph 11 of the Counterclaim.

12. Tyler admits the allegations in Paragraph 12 of the Counterclaim.

13. Tyler denies the allegations in Paragraph 13 of the Counterclaim.

14. Tyler denies the allegations in Paragraph 14 of the Counterclaim.

15. Tyler admits that between December 2020 and December 2021, the parties meet on numerous occasions to the discuss the implementation of the system and that, pursuant to the terms of the parties' Agreement, Jacksonville reimbursed the costs for Tyler's travel for site visits, but otherwise denies the allegations in Paragraph 15 of the Counterclaim.

16. Tyler admits that the parties agree to extend the Go Live date for implementation of the system to July 2022, but otherwise denies the allegations in Paragraph 16 of the Counterclaim.

17. Tyler admits that it received a letter dated September 7, 2022, from Jacksonville and that Tyler received a list of issues dated September 29, 2022, from Jacksonville, but otherwise denies the allegations in Paragraph 17 of the Counterclaim.

18. Tyler denies the allegations in Paragraph 18 of the Counterclaim.

19. In response to the allegations in Paragraph 19, Tyler admits that on October 17, 2022, it received a letter from Jacksonville purporting to terminate the Agreement, but otherwise denies the allegations in Paragraph 19 of the Counterclaim.

20. Tyler denies the allegations in Paragraph 20 of the Counterclaim.

## COUNT I
## BREACH OF CONTRACT

21. In response to Paragraph 21 of the Counterclaim, Tyler reincorporates its responses to Paragraphs 1 through 20 above as if fully set forth herein.

22. Tyler denies the allegations in Paragraph 22 of the Counterclaim.

23. Tyler denies the allegations in Paragraph 23 of the Counterclaim.

24. Tyler denies the allegations in Paragraph 24 of the Counterclaim.

25. Tyler denies the allegations in Paragraph 25 of the Counterclaim.

26. Tyler denies the allegations in Paragraph 26 of the Counterclaim.

27. Tyler denies the allegations in Paragraph 27 of the Counterclaim.

Tyler denies the allegations in the WHEREFORE clause on page 10.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF FITNESS

28. In response to Paragraph 28 of the Counterclaim, Tyler reincorporates its responses to Paragraphs 1 through 20 above as if fully set forth herein.

29. Tyler denies the allegations in Paragraph 29 of the Counterclaim.

30. Tyler denies the allegations in Paragraph 30 of the Counterclaim

31. Tyler denies the allegations in Paragraph 31 of the Counterclaim.

32. Tyler denies the allegations in Paragraph 32 of the Counterclaim.

33. Tyler denies the allegations in Paragraph 33 of the Counterclaim.

Tyler denies the allegations in the WHEREFORE clause on page 11.

## COUNT III
## BREACH OF EXPRESS WARRANTY

34. In response to Paragraph 34 of the Counterclaim, Tyler reincorporates its responses to Paragraphs 1 through 20 above as if fully set forth herein.

35. Tyler denies the allegations in Paragraph 35 of the Counterclaim.

36. Tyler denies the allegations in Paragraph 36 of the Counterclaim

37. Tyler denies the allegations in Paragraph 37 of the Counterclaim.

38. Tyler denies the allegations in Paragraph 38 of the Counterclaim.

Tyler denies the allegations in the WHEREFORE clause on page 12.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

39. In response to Paragraph 39 of the Counterclaim, Tyler reincorporates its responses to Paragraphs 1 through 20 above as if fully set forth herein.

40. Tyler denies the allegations in Paragraph 40 of the Counterclaim.

41. Tyler denies the allegations in Paragraph 41 of the Counterclaim.

42. Tyler denies the allegations in Paragraph 42 of the Counterclaim.

43. Tyler denies the allegations in Paragraph 43 of the Counterclaim.

Tyler denies the allegations in the WHEREFORE clause on page 13.

## COUNT V
## UNJUST ENRICHMENT

44. In response to Paragraph 44 of the Counterclaim, Tyler reincorporates its responses to Paragraphs 1 through 20 above as if fully set forth herein.

45. Tyler denies the allegations in Paragraph 45 of the Counterclaim.

46. Tyler denies the allegations in Paragraph 46 of the Counterclaim.

47. Tyler denies the allegations in Paragraph 47 of the Counterclaim.

Tyler denies the allegations in the WHEREFORE clause on page 14.

## AFFIRMATIVE DEFENSES

1. Jacksonville's claims are barred by the doctrine of prior material breach.

2. Jacksonville's claim fails to state a claim upon which relief may be granted.

3. Jacksonville's claim may be barred by the terms of agreements between the parties.

4. Any recovery of damages sought by Jacksonville is barred or reduced as a result of the Plaintiff's entitlement to offset for damages caused to the Plaintiff by Jacksonville.

5. Plaintiff alleges that to the extent Jacksonville has incurred any damages—which Plaintiff expressly denies—Jacksonville's damages may be limited by a contractual limitation on damages.

6. Any damages suffered by Jacksonville—which damages Plaintiff specifically denies—did not result, directly or indirectly, from any act or omission of Plaintiff. Such damages, if any, resulted from Jacksonville's own acts or omissions or the acts or omissions of persons other than Plaintiff, for which acts or omissions Plaintiff is in no way liable, and Jacksonville, therefore, is not entitled to recover from Plaintiff.

7. Jacksonville's claim may barred by the doctrines of waiver, release, and/or estoppel.

8. Jacksonville's claim may be barred by its failure to mitigate its damages.

9. Plaintiff has not yet had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding Jacksonville's allegations. Plaintiff gives notice that it intends to rely upon any other defenses that may become available and hereby reserves the right to amend this pleading to assert any additional defense.

Dated:     March 14, 2022               Respectfully submitted,

*/s/ April Boyer*
April L. Boyer
Florida Bar No. 0168835
**K&L GATES LLP**
Southeast Financial Center
Suite 3900
200 South Biscayne Boulevard
Miami, FL 33131-2399
Telephone: 305.539.3300
Facsimile: 305.358.7095
Email: april.boyer@klgates.com

Beth W. Petronio, Esq.
(Admitted pro hac vice)
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone: 214.939.5500
Facsimile: 214.939.5849
Email: beth.petronio@klgates.com

*Attorneys for*
*Tyler Technologies, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record on this 14th day of March 2023.

*/s/ April Boyer*
April Boyer
