UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TYLER TECHNOLOGIES, INC.,

    Plaintiff,

v.                                             CASE NO. 3:22-cv-1368-JBT

CITY OF JACKSONVILLE,
FLORIDA,

    Defendant.
_____/

## AMENDED
## CASE MANAGEMENT AND SCHEDULING ORDER

Having granted the Parties' Joint Motion for Extension of Case Management Deadlines (Doc. 31), the Court enters this Amended Case Management and Scheduling Order:[1]

| DEADLINE OR EVENT | DATE |
|---|---|
| Discovery Deadline | MARCH 29, 2024 |
| Dispositive and *Daubert* Motions | APRIL 29, 2024 |
| Mediation    Deadline:<br>Mediator: | JULY 1, 2024<br>Bill Adams, Esq.<br>60 Ocean Blvd., Ste. 12<br>Atlantic Beach, FL 32233<br>(904) 478-0079 |
| All Other Motions Including Motions *In Limine* | August 28, 2024 |
| Date of the Final Pretrial Meeting | September 4, 2024 |
| Responses to Other Motions Including Motions *In Limine* | September 11, 2024 |

---

[1] The directions herein are not meant to be exhaustive or to supplant any other rules or orders, except where specifically indicated.

| | |
|---|---|
| Joint Final Pretrial Statement, Trial Briefs, Joint Set of Proposed Jury Instructions and Verdict Form, Optional Proposed Voir Dire | September 18, 2024 |
| Final Pretrial Conference             Date:<br>Time:<br>Judge: | September 25, 2024<br>10:00 A.M.<br>Magistrate Judge<br>Courtroom 5A |
| Trial Begins<br><br>[Trials Before Magistrate Judges Begin on Date Certain] | October 7, 2024<br>9:00 A.M. |
| Estimated Length of Trial | 5 days |
| Jury/Non-Jury | Jury |

## **DISCOVERY**

With respect to discovery matters, the date set forth above is the <u>final</u> date discovery shall be completed. All requests and motions pertaining to discovery shall be filed promptly so that the discovery desired will be due <u>prior</u> to the completion date. Untimely discovery motions, including but not limited to any filed after the close of discovery, may be stricken. The parties should be aware that a stipulation to the continuance of discovery anticipates no discovery disputes. Therefore, the Court will not hear discovery disputes arising during the stipulated continuance. The parties are further advised that any extension of discovery will not result in an extension of the dispositive motion filing deadline or other pretrial or trial dates except upon order of the Court.

## MOTIONS[2]

Pursuant to Local Rule 3.01(a), any motion and memorandum in support must be in a single document not to exceed 25 pages absent leave of Court. Responses to motions may not exceed 20 pages absent leave of Court. In summary judgment practice, the combined motion and memorandum (<u>including</u> any "Statement of Undisputed Facts") must be filed as one document and may not exceed 25 pages without permission of the Court. <u>Please deliver a courtesy copy of all dispositive and *Daubert* motions and responses, including copies of all relevant exhibits and depositions, to the chambers of the undersigned</u>.

## PRETRIAL DISCLOSURES/FINAL PRETRIAL PROCEDURES

Except as otherwise ordered, the parties are directed to meet the pretrial disclosure requirements in Fed. R. Civ. P. 26(a)(3) and to timely adhere to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures. While counsel for Plaintiff shall be responsible for initiating the pretrial compliance process, all parties are responsible for assuring its timely completion.

## PRETRIAL STATEMENT

A pretrial statement in compliance with Local Rule 3.06 shall be filed with the Clerk on or before the date noted in this Order, with two courtesy copies to be

---

[2] The parties are reminded of their obligation to comply with the redaction requirements set forth in Fed. R. Civ. P. 5.2, in motions and any other filings.

provided to the Court. The parties are required to identify the depositions to be read at trial in the pretrial statement but are <u>not</u> required to designate the pages thereof until a date to be established by the Court at the final pretrial conference.

## **FINAL PRETRIAL CONFERENCE**

The final pretrial conference and trial will be held in Courtroom 5A, 5th Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida. The pretrial conference shall be attended by counsel who will act as lead counsel and who are vested with full authority to make and solicit disclosures and agreements touching on all matters pertaining to the trial. **Arguments on Motions *In Limine*, if any are allowed, will be heard at the Final Pretrial Conference.**

## **COURTHOUSE SECURITY**

The parties are advised (and should advise their witnesses) that photo identification is required to enter the United States Courthouse. Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of proof of membership in The Florida Bar or an Order of special admission pro hac vice.[3]

## **TRIAL BRIEFS, PROPOSED JURY INSTRUCTIONS AND VERDICT FORM, OPTIONAL PROPOSED VOIR DIRE**

On or before the date noted in this Order:

(a)   <u>Each side</u> shall file a **Trial Brief**, with citations of authorities and

---

[3] Cell phones must be turned off while in the courtroom.

arguments specifically addressing all significant disputed issues of law likely to arise at trial;

(b) The parties shall jointly file, <u>and</u>, as to each of the following, e-mail as a separate Word document directly to Chambers at **chambers_flmd_toomey@flmd.uscourts.gov**:

(1) A concise (one paragraph preferably) **joint or stipulated** statement of the nature of the action. This statement will be used solely for the purpose of providing a <u>basic</u> explanation of the case to the jury *venire* at the commencement of the jury selection process; and

(2) A **Proposed Verdict Form** and a complete set of all written **Proposed Jury Instructions**, with each separate instruction on a separate page. (The Court will expect counsel to give their best efforts, cooperatively, in the production of a <u>joint set of instructions and verdict form</u>.);

(c) Each side <u>may</u> file **Proposed *Voir Dire*** (the Court will conduct the jury *voir dire* and, in addition to the usual more general questions, will, without initiation by counsel, ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration).

## **<u>GENERAL INFORMATION</u>**

In the event that the dates set herein for final pretrial conference and/or trial are continued or otherwise modified, the remaining provisions of this Order shall remain in full force and effect.

**THE COURT HAS DONE EVERYTHING POSSIBLE TO SET APPROPRIATE DEADLINES FOR THIS CASE. THE PARTIES SHOULD PROCEED ACCORDINGLY. DO NOT ASSUME THAT THE COURT WILL EXTEND THESE DEADLINES.**

## **MEDIATION ORDER**

This case is referred to mediation pursuant to Chapter Four of the Local Rules. Counsel for Plaintiff is designated as lead counsel to be responsible for coordinating a mutually agreeable mediation date and for filing a notice advising the Court of the date selected for mediation. If Plaintiff is proceeding *pro se*, counsel for Defendant shall undertake the responsibility for coordinating a mutually agreeable mediation date and filing the notice. The mediation conference shall be completed by the date set forth above. Absent agreement otherwise or order of the Court, the cost of the mediator's services shall be borne equally by the parties.

**DONE AND ORDERED** in Jacksonville, Florida, on November 1, 2023.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record
Mediator w/attachment

Attachment: Mediation Report Form